# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4593 | **DATE** | 11/10/2003 |
| **CASE TITLE** | Pfeisker vs. United Parcel Service | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies defendant's motion to dismiss. Defendant is directed to answer the complaint on or before 11/20/03. All previously set schedules remain in effect.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | /2 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | NOV 13 2003 | |
| | | | date mailed notice | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KAREN PEISKER and )
WILLETTA TAYLOR, )
 )
      Plaintiffs, )
 )
vs. ) Case No. 03 C 4593
 )
UNITED PARCEL SERVICE, )
 )
      Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs Karen Peisker and Willetta E. Taylor bring suit against United Parcel Service (UPS) for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5, and the Age Discrimination in Employment Act, 29 U.S.C. §626(c). Plaintiffs complain that during their employment with UPS as feeder drivers, UPS did not permit them to exercise their contractual rights, refused to allow them to transfer, and ultimately terminated them, because of their sex, their race, and/or their age. Plaintiffs contend that their experiences at UPS are not unique but rather result from a UPS policy that disproportionately impacts females and other minority feeder drivers. UPS has moved to dismiss plaintiffs' claim to the extent they are asserting a claim of disparate impact, arguing it exceeds the scope of their EEOC charges. For the reasons outlined below, the Court denies UPS' motion.

### Discussion

A plaintiff may sue under Title VII and the ADEA for those claims that were included in

12

her administrative charge. *E.g., Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994). "Recognizing that the original charge is often completed by laypersons rather than lawyers, [the Seventh Circuit] has noted that 'a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint.'" *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 482 (7th Cir. 1996) (quoting *Cheek*, 31 F.3d at 501). A plaintiff may pursue claims supported by assertions not included in her administrative charge, so long as they are "like or reasonably related to the allegations of the charge and grow[] out of such allegations." *Jenkins v. Blue Cross Mutual Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc), quoted in *McKenzie*, 92 F.3d at 481. The test of *Jenkins* "is satisfied if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of the EEOC investigation of the allegations in the charge." *Cheek*, 31 F.3d at 500.

According to Peisker's EEOC charge, she was laid off from her feeder driver position with UPS in the Chicago Metro District in July 2001. In March 2002, UPS assigned her to work as a feeder driver in Palatine, a suburban facility. Peisker was laid off from her position in Palatine in December 2002. Peisker contended that UPS did not allow her to bid for a permanent assignment in Palatine, and that UPS denied her the right to bump less senior feeder drivers. Taylor stated in her EEOC charge that she was laid off from her position as a UPS feeder driver in the Chicago Metro District. Taylor alleged that UPS refused to allow her to bid for a permanent assignment, or to bump less senior feeder drivers at different facilities.

In their complaint, plaintiffs claim that a newly-established UPS policy barring laid off employees from returning to any district other than their home district (Chicago Metro for both

2

plaintiffs) disproportionately impacts female and other minority feeder drivers. Plaintiffs allege that UPS assigns most of its business to districts other than the Chicago Metro District, thus increasing the likelihood that a Chicago Metro District feeder driver will be laid off or temporarily reassigned to another district. The new policy prohibits Chicago Metro District feeder drivers from transferring or bidding on permanent positions in other districts. The Chicago Metro District, plaintiffs say, is primarily composed of female and other minority feeder drivers. The feeder drivers in other districts, by contrast, are primarily less-senior white males. Thus, plaintiffs contend, the new policy has an unjustified disproportionate impact on younger, female and minority employees.

Plaintiffs' claim that the policy has a disparate impact is reasonably related to the facts presented in their EEOC charges. As indicated earlier, Peisker asserted in her EEOC charge that UPS discriminated against her and other minorities by laying them off from their positions in the Metro Chicago District and refusing to allow them to bid for permanent assignments in their new districts. Peisker claimed that UPS selected less-senior employees, most of whom were Caucasian males, to fill these positions. She asserted that the majority of feeder drivers within the Metro Chicago District are minorities, while feeder drivers in other districts are primarily Caucasian males. Taylor's EEOC charge similarly included an accusation that UPS discriminated against her and other minorities by laying them off from their positions in the Metro Chicago District and refusing to allow them to bid for permanent assignments in their new districts.

The disparate impact claim now made by plaintiffs echoes the facts asserted in their EEOC charges. The EEOC charges quite clearly were premised on UPS' policies regarding

3

where a laid off driver could seek employment. It is of no significance that Taylor and Peisker did not specifically refer to the existence of a "policy" in their EEOC charges. Rather, the first part of the applicable standard simply requires a reasonable relationship between a plaintiff's EEOC charge and her claim. *See Jenkins*, 538 F.2d at 167. This standard has been met by both Peisker and Taylor.

The second part of the *Cheek/Jenkins* test is also satisfied. In their EEOC charges, Peisker and Taylor stated that UPS violated not only their rights but also those of other women and minorities. Under the circumstances, it was reasonable to expect that an EEOC investigation would investigate not just the particulars of how the plaintiffs were treated, but also whether UPS was following policies that disproportionately impacted women and minorities generally.

## Conclusion

For the reasons stated above, the Court denies defendant's motion to dismiss. Defendant is directed to answer the complaint on or before November 20, 2003. All previously-set schedules remain in effect.

Date: November 10, 2002

MATTHEW F. KENNELLY
United States District Judge